UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRIET LIPSCHULTZ, | : |
| Plaintiff, | : CASE NO.: 13-CV-06718-TON |
| v. | : |
| HOLY FAMILY UNIVERSITY, | : |
| Defendant. | : |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
HOLY FAMILY UNIVERSITY TO PLAINTIFF'S COMPLAINT**

Defendant Holy Family University ("Holy Family" or "Defendant"), by and through its undersigned attorneys, hereby responds to the Complaint filed by plaintiff Harriet Lipschultz ("Plaintiff") as follows:

1. Upon information and belief, the allegations in this paragraph of Plaintiff's Complaint are admitted.

2. Denied as stated. By way of further answer, Holy Family is a fully-accredited, Catholic, private university that is located at 9801 Frankford Avenue, Philadelphia, Pennsylvania 19114.

**VENUE AND JURISDICTION**

3. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

**FACTUAL BACKGROUND**

4. Upon information and belief, the allegations in this paragraph of Plaintiff's Complaint are admitted.

5. Admitted in part and denied in part. It is admitted that Plaintiff has been hired from time to time since 2002 as a part-time lecturer teaching Introductory Spanish courses in Holy Family's School of Arts and Sciences.

6. Denied as stated. By way of further answer, Plaintiff has been hired from time to time between September of 2002 and May of 2012 as a part-time lecturer teaching Introductory Spanish courses at Holy Family.

7. Denied.

8. Admitted in part and denied in part. It is admitted that, in March of 2012, Dr. Michael Markowitz, Dean of Holy Family's School of Arts and Sciences, notified Plaintiff that Holy Family would not be offering her courses to teach during the Summer and Fall 2012 semesters. The remaining aspects of this paragraph of Plaintiff's Complaint are denied.

9. Admitted in part and denied in part. It is admitted that Holy Family rotated teaching opportunities amongst part-time lecturers to ensure the highest quality of instruction to Holy Family's students. The remaining aspects of this paragraph of Plaintiff's Complaint are denied.

10. Denied.

11. Denied as stated. By way of further answer, during the Fall semester of 2012, Holy Family employed 106 part-time faculty in the School of Arts and Sciences.

12. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

13. Admitted in part and denied in part. It is admitted that Plaintiff filed a charge against Holy Family with the Pennsylvania Human Relations Commission, which charge was

cross-filed with the Equal Employment Opportunity Commission. The remaining aspects of this paragraph of Plaintiff's Complaint are denied.

14. Denied. The allegations in this paragraph of Plaintiff's Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are expressly denied. To the extent not otherwise denied, the remaining allegations in this paragraph of Plaintiff's Complaint are denied.

15. Denied.

16. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

## COUNT I
## NO VIOLATION OF THE ADEA

17. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

18. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

19. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

20. Denied.

21. Denied.

22. Denied as stated. By way of further answer, Holy Family did not "replace" Plaintiff. Part-time lecturers at Holy Family do not have any entitlement or right with respect to

the assignment of courses. Other individuals on Holy Family's roster of adjunct instructors were assigned courses.

23. Denied.

24. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

25. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

WHEREFORE, Defendant Holy Family University denies any and all allegations in Plaintiff's "Wherefore" paragraph and demands judgment dismissing Plaintiff's Complaint and awarding Holy Family attorneys' fees and costs, and such other relief as the Court deems just and proper.

## COUNT II
## NO VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

26. The foregoing paragraphs are incorporated herein by reference as though fully set forth at length herein.

27. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

28. Denied.

29.     The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

30.     The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

WHEREFORE, Defendant Holy Family University denies any and all allegations in Plaintiff's "Wherefore" paragraph and demands judgment dismissing Plaintiff's Complaint and awarding Holy Family attorneys' fees and costs, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

In further answering Plaintiff's Complaint, Holy Family hereby asserts the following defenses:

## FIRST DEFENSE

Plaintiff's claims are not actionable because the employment decision was justified by legitimate, non-discriminatory, and non-pretextual business reasons.

## SECOND DEFENSE

Age has no bearing on Holy Family's assignment of courses to adjunct lecturers.

## THIRD DEFENSE

The decisions on the offering of teaching assignments by the School of Arts and Sciences were based on reasonable factors other than age.

## FOURTH DEFENSE

Holy Family has not discriminated against Plaintiff in violation of any law.

## FIFTH DEFENSE

Holy Family and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## SEVENTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because of her failure to mitigate any alleged damages.

## EIGHTH DEFENSE

Plaintiff is not entitled to all or some of the damages sought in Plaintiff's Complaint.

## NINTH DEFENSE

Holy Family intends to rely on or assert such other defenses that may become available or apparent during the course of discovery in this case, and Holy Family expressly reserves the right to amend this Answer to assert any and all such defenses.

Philadelphia 85654.1

WHEREFORE, Defendant Holy Family University demands judgment dismissing the Complaint of Plaintiff Harriet Lipschultz and granting Holy Family attorneys' fees and costs, and such other relief as the Court deems just and proper.

                                                      Respectfully submitted,

                                                      FISHER & PHILLIPS LLP

Dated:  November 22, 2013                By:       s/ Christin Choi
                                                    J. Freedley Hunsicker, Jr., Esquire
                                                     Christin Choi, Esquire
                                                     Radnor Financial Center, Suite 650
                                                     201 King of Prussia Road
                                                     Radnor, Pennsylvania 19087
                                                     Telephone:  (610) 230-2142/2173
                                                     Facsimile:  (610) 230-2151
                                                     fhunsicker@laborlawyers.com
                                                     cchoi@laborlawyers.com

                                                     *Attorneys for Defendant Holy Family University*

## **CERTIFICATE OF SERVICE**

I, Christin Choi, Esquire, hereby certify that on this 22nd day of November, 2013, a true and correct copy of the Answer and Affirmative Defenses of Defendant Holy Family University to Plaintiff's Complaint was filed and is available for viewing and downloading from the Court's ECF system and was served upon the following attorneys via the Court's ECF system:

>James S. Lee, Esquire
>Hamburg, Rubin, Mullin, Maxwell & Lupin
>375 Morris Road
>P.O. Box 1479
>Lansdale, Pennsylvania 19446-0773
>
>*Attorneys for Plaintiff Harriet Lipschultz*

>>s/ Christin Choi
>>Christin Choi